**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DENNIS KITSOCK, individually and as The Beneficiary under the issued policy of insurance, and as Administrator of THE ESTATE OF JOHN KITSOCK, and THE ESTATE OF JOHN KITSOCK, | CIVIL ACTION NO. 3:12-1729 (JUDGE CAPUTO) |
| Plaintiffs, | |
| v. | |
| THE GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is a Complaint filed by Plaintiffs Dennis Kitsock and the Estate of John Kitsock. (*Compl.*) Because the Complaint fails to establish that this Court has subject matter jurisdiction over the action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

### I. Background

Plaintiffs bring this action alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Compl.*, ¶ 3.)  Plaintiff Dennis Kitsock is alleged to be "an adult individual under the Defendant's policy of life and accident insurance, with a permanent resident address of 147 West Ogden Street, Borough of Girardville, County of Schuylkill, Commonwealth of Pennsylvania." (*Id*. at ¶ 5.)  Defendant Globe Life and Accident Insurance Company is alleged to be "a for-profit insurance business with a business address of The Globe Life Center, Oklahoma City, County of Oklahoma, State of Oklahoma." (*Id*. at ¶ 7.)

## II. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999). Plaintiffs allege that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Of course, "[t]he person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

"It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* Fed R. Civ. P. 12(h)(3).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the

state where she is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179, 182 (3d Cir.2008) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S.Ct. 164, 59 L.Ed. 360 (1915)).  To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir.1972).  A person may have only one domicile, and thus may be a citizen of only one state for diversity jurisdiction purposes. *See Williamson v. Osenton*, 232 U.S. 619, 34 S.Ct. 442, 58 L.Ed. 758 (1914).  Residence is not the same as domicile and does not establish citizenship for diversity purposes. *See Krasnov*, 465 F.2d at 1300 (3d Cir.1972) ("where one lives is *prima facie* evidence of domicile, but mere residency in a state is insufficient for purposes of diversity").  Here, Plaintiffs have alleged only that Dennis Kitsock has a "permanent resident address" in the Commonwealth of Pennsylvania.  Accordingly, Plaintiffs have not sufficiently alleged the domicile of Dennis Kitsock.

The Complaint also fails to properly allege the citizenship of Defendant.  A corporation may have more than one state of citizenship: "a corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  A corporation may only have one principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has "its principal place of business."  *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "its principal place of business").  A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control,

and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

In order to properly plead the citizenship of the corporate Defendant, Plaintiffs must allege The Globe Life and Accident Insurance Company's principal place of business and state of incorporation. The Complaint, however, fails to satisfy either of these requirements, as it is only alleged that Defendant "is a for-profit insurance business with a business address" in Oklahoma. (*Compl.*, ¶ 7.) Based on these allegations, the Court cannot determine whether there is proper jurisdiction over Defendant.

### III. Conclusion

For the above stated reasons, the Complaint fails to adequately plead the citizenship of the parties. As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, the Court cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, pursuant to 28 U.S.C. § 1653, Plaintiffs will be permitted the opportunity to demonstrate that diversity-of-citizenship jurisdiction exists, thereby saving its Complaint. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts."). As such, Plaintiffs will be given twenty-one (21) days in which to file an amended complaint. Failure to do so will result in the dismissal of this action. An appropriate order follows.

 September 5, 2012                            /s/ A. Richard Caputo
Date                                         A. Richard Caputo
                                             United States District Judge

4